IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CGL, LLC, | : | |
| **Plaintiff** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WILLIAM G. SCHWAB | : | No. 11-04593 |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                 September 30, 2011

This case concerns the sale of multiple properties by Defendant, Mr. Schwab, which Plaintiff, CGL, LLC ("CGL"), seeks to declare unlawful due to the abrogation of a zoning restriction in the deeds. Mr. Schwab filed a Motion to Dismiss or in the Alternative to Stay the Action. (Doc. #3). For the reasons set forth below, I will grant the Motion to Dismiss for Failure to Join an Indispensible Party.[1]

I.     **BACKGROUND**

Plaintiff, CGL purchased a parcel of property from the bankruptcy estate of VistaCare Group, which is administered by Defendant, Mr. Schwab, as Chapter 7 Trustee. VistaCare Group owned a piece of real estate known as Parkside Manor Retirement Community ("Parkside").

On September 27, 2008, CGL purchased of one of Parkside's 45 acre lots (specifically Lot 45) free from a restriction located in the subdivision plan (Restriction No. 1).[2] At the time, the remaining 44 lots were all subject to Restriction No. 1. Subsequently, Mr. Schwab and East Cocalico Township abrogated the deed restrictions in the subdivision plan of the remaining lots

---

[1] Defendant's Motion to Stay will be denied as moot.

[2] Restriction No. 1 States: "Fee title to the Lot shown on this plan will not be transferred to the parties having residences constructed upon the said Lots, but title will remain in the developer, his heirs and assigns."

1

and Mr. Schwab sold them to approximately thirty (30) individuals.  GCL alleges that relieving the remaining 44 lots from compliance with Restriction No. 1 has damaged the property value to Lot 45.

## I.     PROCEDURAL HISTORY

CGL filed a Motion for Leave in the United States Bankruptcy Court for the Middle District of Pennsylvania, seeking to file a suit against Mr. Schwab, which was granted.  Thereafter, Mr. Schwab appealed that decision, which was affirmed by Judge Munley of the United States District Court for the Middle District of Pennsylvania.  Mr. Schwab then appealed Judge Munley's Decision to the Third Circuit Court of Appeals.  This appeal is currently pending.

CGL filed this suit in the Lancaster Court of Common Pleas and Mr. Schwab removed the case on July 21, 2011.  Mr. Schwab then filed a Motion to Dismiss or in the Alternative to Stay the Action filed in this court.  (Doc. #3).

## II.    DISCUSSION

Motion to Dismiss

A Defendant may move to dismiss a Complaint for a Plaintiff's failure to join a party in accordance with Rule 19.  Fed. R. Civ. P. 12(b)(7).  Rule 19, which governs joinder of parties, compels a bifurcated analysis.[3]  See generally Koppers Co., Inc. v. The Aetna Cas. and Sur. Co.,

---

[3] Specifically, Rule 19(a) provides as follows:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (1) in that person's absence, the court cannot accord complete relief among existing parties; or (2) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a).

Subsection (b) provides that:

158 F.3d 170, 175 (3d Cir. 1998).  The first step under subsection (a) of Rule 19 is for the court to determine whether a party is "necessary" to the dispute and in the second step under subsection (b), the court must evaluate whether a necessary party who cannot be joined is indispensable.  Id.

Under Rule 19(a), "a party is necessary if either (1) the present parties will be denied complete relief in the absence of the party to be joined, or (2) the absent party will suffer some loss or be put at risk of suffering such a loss if not joined.  As Rule 19(a) is stated in the disjunctive, if either subsection is satisfied, the absent party is a necessary party that should be joined if possible.  SIG Swiss Industrial Co. v. Fres-Co System U.S.A., Inc., 1991 U.S. Dist. LEXIS 5452 (E.D. Pa. 1991) (stating if an absent party is necessary and joinder is possible, the court must allow the plaintiff an opportunity to add the missing necessary party); Koppers Co., 158 F.3d at 175 (same).

If the joinder of a necessary person under Fed. R. Civ. P. 19(a) is impossible the action may be dismissed if the court cannot, in equity and good conscience, proceed without him.  Fed. R. Civ. P. 19(b).  Factors the court must consider in determining whether the person is indispensable include: the extent to which a judgment rendered in the person's absence might be prejudicial to the person or those already parties; the extent to which the prejudice can be lessened through protective measures in the judgment; the adequacy of a judgment rendered in

---

[i]f a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.  The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

the person's absence; and the adequacy of the plaintiff's remedy if the action is dismissed for nonjoinder. Id.

Mr. Schwab alleges that CGL's complaint should be dismissed for failure to join necessary and indispensible parties, namely, the individual owners of the 44 lots sold and East Cocalico Township, but does not contend that joining the individual owners or East Cocalico Township is impossible. See Defendant's Motion to Dismiss at 5. CGL contends that no additional parties are necessary in the present case in order to provide CGL with the relief it seeks. See Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss at 5. However, if these parties are necessary, CGL maintains that in the language of Rule 19, joinder of these parties is feasible and, therefore, CGL should have an opportunity to join them. See Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss at 6.

Mr. Schwab correctly argues that the individual lot owners have "an interest in the subject matter of the litigation and could have their rights impaired or impeded by the outcome of this litigation." See Brief in Support of Defendant's Motion to Dismiss at 4-5. Additionally, a judgment rendered in their absence could prejudice them and affect their rights.[4] Id. For instance, granting CGL's requested relief would deprive those individuals of property rights and possibly remove them from their homes. The lots were purchased in good faith and CGL now seeks to render those purchases unlawful and rescind the sales of those lots.

---

[4] CGL argues that the "Lot Owners are not necessary parties because CGL has no cause of action against them." See Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment at 5. Additionally, it contends that no additional parties are necessary in the present case in order to provide CGL with the relief it seeks. Id.

Additionally, as these individuals are residents of Lancaster County and subject to the personal jurisdiction of this court, they do not fall under Rule 19(b). Therefore, the court holds that the lot owners must be joined as parties to the action.[5]

### III.    CONCLUSION

Defendant's Motion to Dismiss for Failure to Join an Indispensible Party is Granted without prejudice. CGL has thirty (30) days from the date of this order to amend its complaint to include the individual lot owners as necessary parties to the action.

An appropriate order follows.

---

[5] Although Mr. Schwab also contends that East Cocalico Township is a necessary party, Mr. Schwab makes no arguments as to how that would impair or impede the Township's interests. The only "loss" that the Township would appear to suffer is having a past Declaration voided. Additionally, there will be no need for a second suit against the Township, and no prospect of conflicting judgments. Therefore, the court finds that the Township is not a necessary party under Rule 19.