IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CGL, LLC, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WILLIAM G. SCHWAB, et al., | : | No. 11-04593 |
|     Defendants. | : | |

# M E M O R A N D U M

**STENGEL, J.**                                                  September 20, 2012

## I.    BACKGROUND

Plaintiff, CGL purchased a parcel of property from the bankruptcy estate of VistaCare Group, which is administered by Defendant, Mr. Schwab, as Chapter 7 Trustee. VistaCare Group owned a piece of real estate known as Parkside Manor Retirement Community ("Parkside"). The parcel contained 45 lots, 44 of which were zoned and subdivided for mobile homes. The forty-fifth lot ("Lot 45") contained a retirement and assisted living facility.

On July 25 2008, the Trustee filed a motion in the bankruptcy court seeking authorization to sell Parkside Manor, either as one parcel or as two separate parcels. The court granted this motion on August 21, 2008. On September 27, 2008, after a public auction, CGL entered into an agreement for the purchase of Lot 45 free from a restriction located in the subdivision plan (Restriction No. 1).[1]

---

[1] Restriction No. 1 States: "Fee title to the Lot shown on this plan will not be transferred to the parties having residences constructed upon the said Lots, but title will remain in the developer, his heirs and assigns." As part of the terms of sale, CGL sought and received confirmation that the restriction described above did not prevent sale of Lot 45 to CGL, and that the restriction would be removed from Lot 45.

At the time, the remaining 44 lots were all subject to Restriction No. 1. The Trustee concluded that his administration of the estate required liquidating the remaining 44 lots in the parcel. The bankruptcy court approved the sale of these lots in an order issued August 21, 2008. Before such sales could be made, the Trustee discovered that some lot owners had permanently affixed mobile homes to the debtor's property. The Trustee filed adversary actions against these homeowners. The parties resolved these actions by agreeing that the lots could be sold to the homeowners in violation of Restriction No. 1. The estate sold all but one of these lots to the residents after providing separate notice to all necessary parties, including CGL. Subsequently, On December 14, 2009Mr. Schwab and East Cocalico Township abrogated the deed restrictions in the subdivision plan of the remaining lots and Mr. Schwab sold them to approximately thirty (30) individuals. Though CGL received notice of the sale and an opportunity to object, CGL did not do so. During bankruptcy proceedings, CGL and its attorney admitted they were aware of the pending sale and did not attempt to restrict it.

GCL alleges that the sales of individual lots in violation of Restriction No. 1 were unlawful and caused damage to CGL's property interests in Lot 45, and the agreement between the Trustee and the Township was an attempt to deprive CGL of its property rights without notice and without due process of law.

I. PROCEDURAL HISTORY

On July 30, 2010, after these sales, CGL filed a Motion for Leave in the United States Bankruptcy Court for the Middle District of Pennsylvania, seeking to file a suit against Mr. Schwab, which was granted. Thereafter, Mr. Schwab appealed that decision,

which was affirmed by Judge Munley of the United States District Court for the Middle District of Pennsylvania. Mr. Schwab then appealed Judge Munley's Decision to the Third Circuit Court of Appeals. The Third Circuit affirmed the ruling of the Bankruptcy Court permitting suit against Mr. Schwab.

Pending a ruling by the Third Circuit, CGL filed this suit in the Lancaster Court of Common Pleas and Mr. Schwab removed the case on July 21, 2011. Mr. Schwab then filed a Motion to Dismiss or in the Alternative to Stay the Action filed in this court. (Doc. No. 3). That motion was granted without prejudice so that Plaintiff could join necessary parties to the action. After Plaintiff joined necessary parties in an Amended Complaint, Plaintiff filed leave to Amend its Complaint. Defendant then filed this motion to dismiss the case, or in the alternative, to stay the case pending resolution of the Third Circuit Appeal.[2]

## II.  STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all

---

[2] The Third Circuit has issued a ruling on Defendant's appeal. The Court affirmed the order of the District Court affirming the order of the Bankruptcy Court granting CGL's motion for leave and held that: (1) the Barton doctrine applied to bankruptcy trustees; and (2) the Bankruptcy Court did not abuse its discretion in determining that CGL's proposed claims were "not without foundation." In re VistaCare Group, LLC, 678 F.3d 218, 235 (3d Cir. 2012). Thus, Defendant's request to stay the case is moot.

factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 564. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

### III. DISCUSSION

Mr. Schwab alleges that CGL's complaint should be dismissed based on immunity grounds. He argues that CGL was aware of the pending sales and did not object. CGL also knew that the Trustee sought to remove the restriction from the 44 lots and did not object. Moreover, the bankruptcy court approved the Trustee's actions and no evidence exists to support CGL's claims of damage to its property interest.

Initially, Plaintiff argues that Defendant has waived his rights with regard to the immunity claim because he did not raise it in his first Motion to Dismiss despite being able to assert the claim. Plaintiff also argues that in purchasing Lot 45, CGL relied on assurances from the Township Solicitor that Restriction No. 1 did not prevent the sale of Lot 45, and the Bankruptcy Court's March 10, 2009 order confirming that the sale was "free and clear of Restriction #1." Additionally, CGL contends that none of the motions the Trustee filed advised the Bankruptcy Court of Restriction No. 1's applicability to the other 44 lots in the mobile home park. The Trustee then sold most of the lots in the mobile home park in violation of Restriction No. 1. Finally, on December 14, 2009, the Trustee and the Township entered into an agreement which purported to abrogate Restriction No. 1 as to the forty-four individual lots, but CGL was not a party to that agreement.

Defendant argues that the in the interests of judicial economy, the Court should consider its second motion to dismiss. Defendant claims that his defense of immunity is an affirmative defense and cannot be waived pursuant to 12(g). Finally, Defendant argues that his motion to dismiss is not a *de facto* motion for summary judgment because the facts and records he references are part of the judicial record from the former bankruptcy proceedings between the parties.

By its plain language, 12(g) creates an incentive for parties to consolidate all of their pre-answer motions and file them together.[3] If a party makes a pre-answer motion,

---

[3] Rule 12(g) of the Federal Rules of Civil Procedure states:

and at the same time omits any other 12(b) motions, the omitted motions cannot be filed later, subject to the provisions in 12(h).  In other words, under the Federal Rules of Civil Procedure, "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2); <u>Rittenhouse Entm't, Inc. v. City of Wilkes-Barre</u>, 2012 U.S. Dist. LEXIS 115594 (M.D. Pa. Aug. 16, 2012).

The Defendant raises arguments in his second motion to dismiss that were not raised in the prior motion to dismiss.[4]  (Doc. No. 50).  The Amended Complaint did not include any additional factual allegation or legal claims and merely added the indispensable parties.  Therefore, all of Defendant's arguments were available to him at the time he filed his initial motion to dismiss.

Accordingly, I will not address the arguments that were previously available to the Defendant but were not raised.  However, the arguments pertaining to Defendant's immunity are not waived.  Affirmative defenses are not subject to the provisions of Rule 12(g) because that rule applies only to certain pre-answer defenses asserted under Rule 12(b).  <u>Charpentier v. Godsil</u>, 937 F.2d 859, 863 (3d Cir. 1991) (finding that failure to

---

> (g) Consolidation of Defenses in Motion. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party.  If a party makes a motion under [*7] this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Fed. R. Civ. P. 12(g).  Additionally, under 12(h) a defense of failure to state a claim upon which relief can be granted may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits. Federal Rules of Civil Procedure 12(h)(2) and 12(h)(3) preserve the defenses of failure to state a claim upon which relief can be granted, join a person required by Rule 19(b), state a legal defense to a claim, as well as lack of subject matter jurisdiction.  Fed R. Civ. P. 12(h)(2), (h)(3).

[4] That motion has already been ruled on, and granted, by this Court.  (Doc. Nos. 8-9).

6

raise an affirmative defense in a responsive pleading, however, does not always result in waiver); Prinz v. Greate Bay Casino Corp., 705 F.2d 692, 694 (3d Cir. 1983); Almashleh v. United States, 2008 U.S. Dist. LEXIS 9047 (W.D. Pa. Feb. 7, 2008).  A Rule 12(b)(6) affirmative defense is exempt from the general limitation in 12(g), "may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."  Fed. R. Civ. P. 12(h)(2); Fed. R. Civ. P. 12(g) (requiring consolidation of certain defenses except as provided in Rule 12(h)(2)); Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

However, that exception merely allows a party which would have otherwise waived a 12(b)(6) motion to file the functional equivalent of a 12(b)(6) motion at a different time or in a different manner in the proceedings.  See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1392 (3d ed. 2004) ("if a party makes a preliminary motion under Rule 12 and fails to include one of the Rule 12(h)(2) objections, she has not waived it, even though under Rule 12(g) that party may not assert the defense by a second pre-answer motion.").  One court in this district has commented on how a court may address a defense not waived under 12(h)(2) but prevented by Rule 12(g), stating:

> It may at times appear overly formalistic for a court to disallow a 12(b)(6) motion only to entertain a motion for Summary Judgment or a 12(c) motion on the pleadings a short time later.  To allow [a successive 12(b)(6) motion], however, would vitiate the purpose behind Rule 12(g).  The present version of Rule 12 reflects the tension between two sometimes disparate aims.  In particular, Rule 12 seeks to promote judicial economy and at the same time protect parties from unintentionally waiving defenses to claims.  Considered together 12(g) and 12(h) express the closely related objectives of eliminating multiple preliminary motions (Rule 12(g)) and

compelling the early assertion of matters in abatement, while preserving a party's ability to interpose more significant defenses at later points in the action (Rule 12(h)).  In this way, Rule 12 balances these competing values by requiring the consolidation of defense motions in 12(g) and by creating limited exceptions in 12(h).  The Rule has operated to proscribe the filing of successive motions since 1948.

Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc., No. 99-cv-4565, 2004 U.S. Dist. LEXIS 28921, at *14-15 (D.N.J. June 22, 2004) (internal quotations and citations omitted); SEC v. Lucent, 2006 U.S. Dist. LEXIS 98423, 16-17 (D.N.J. June 19, 2006)(holding that Rules 12(g) and 12(h)(2) read in conjunction provide that Defendant's affirmative defense was not available to Defendant on yet another pre-answer motion to dismiss, but would be available at some later point); see also 5C Wright & Miller § 1385.  I will deny Defendant's 12(b)(6) motion, but allow arguments pertaining to the defense of immunity to be raise at the appropriate time.

### IV.    CONCLUSION

For the forgoing reasons, I will deny the motion to dismiss or, in the alternative, to stay the case.

An appropriate Order follows.